OPINION
{¶ 1} This matter is before the court on the direct appeal of defendant-appellant Kidane Frezgi from his conviction and sentence for Theft. Frezgi argues that the trial court should have granted his Crim. R. 29 motion for judgment of acquittal because the State failed to prove that he was acting without the consent of his employer when he failed, upon his termination, to return a cellular phone that his employer provided for his *Page 2 
use during the course of his employment. To the contrary, we conclude that the State did offer sufficient evidence to overcome the motion.
 I {¶ 2} Kidane Frezgi was hired in October, 2006 by Valerie Knapp of the AIDS Resource Center, a non-profit organization. At that time, the Center issued a cellular phone to Frezgi, which was to be used for the Center's business. Frezgi's employment was terminated January 9, 2007, and he was asked to return any of the Center's property, including the phone, within a week. Frezgi failed to return the phone. Knapp left several telephone messages for Frezgi, who finally returned her call on the 24th. During that conversation, Frezgi explained that he was out of town, but he agreed to drop the phone off on the 29th. Frezgi again failed to return the phone. On February 8th Knapp sent a letter to Frezgi advising him that if he did not return the phone, the Center would file criminal charges against him. After repeated unsuccessful attempts to recover the cell phone, the Center reported the theft of the phone to police. The Center incurred a cost of $229.98 to replace the phone.
 {¶ 3} Frezgi and his friend, Desiree Hoinowski, testified that Frezgi's jacket, with the phone inside it, were stolen from him in December and that they unsuccessfully tried to retrieve the phone. Frezgi never filed a police report regarding the alleged theft. Furthermore, he never advised the Center of this prior to the termination of his employment, nor did he tell Knapp of this either on the day he was fired, or during their conversation later that month.
 {¶ 4} Frezgi was indicted on one count of Theft. A jury found Frezgi guilty as *Page 3 
charged, and he was sentenced accordingly. Frezgi appeals.
 II {¶ 5} Frezgi's sole assignment of error is as follows:
 {¶ 6} "THE COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL SINCE THE STATE FAILED TO SUPPLY SUFFICIENT EVIDENCE AS TO ALL THE ELEMENTS NECESSARY TO SUPPORT THE CHARGE AGAINST THE DEFENDANT."
 {¶ 7} In Frezgi's sole assignment of error, he claims that because the State could not establish all of the elements of Theft, the trial court erred in denying his Crim. R. 29 motion for judgment of acquittal. Criminal Rule 29(A) requires a trial court to enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such an offense. . . ." A sufficiency of the evidence argument challenges whether the State has presented enough evidence on each element of the offense to allow the case to go to the jury or to sustain a guilty verdict as a matter of law. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. The proper test to apply to the inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable *Page 4 
doubt."
 {¶ 8} Frezgi was indicted on one count of Theft, in violation of R.C. § 2913.02(A)(1), which states "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . [w]ithout the consent of the owner or person authorized to give consent." Frezgi contends that the State did not prove that his actions were without the consent of the owner. He contends that if he was to be charged at all, he should have been charged under R.C. 2913.02(A)(2), rather than subsection (A)(1), because his actions were beyond the scope of the Center's consent. We conclude that since the Center's consent for Frezgi to possess the phone ended with his termination, when Frezgi failed to return the phone, he was acting without the Center's consent — not beyond the scope of its consent.
 {¶ 9} In support of his argument that he was indicted and convicted under the wrong subsection, Frezgi relies upon our decision in State v.Dortch (Oct. 15, 1999), Montgomery App. No. 17700. We conclude thatDortch is distinguishable, because the defendant in that case was acting beyond the scope of his employer's consent when he took scrap metal that he was supposed to sell to a scrap yard specified by his employer (so that he had the consent of his employer to exercise control over the scrap metal), and sold it instead to another scrap yard, keeping the proceeds for himself. Here, Frezgi had consent to possess the phone when he was employed by the AIDS Resource Center, but that consent ended, entirely, with the termination of his employment, well before the time of the alleged offense. At the time of the theft, Frezgi was exerting control over the property without any consent at all, as opposed to the defendant in *Page 5 Dortch, who had consent to exert control over the property, but exceeded the scope of that consent.
 {¶ 10} Therefore, we conclude that the State offered sufficient evidence of Frezgi's guilt of Theft under R.C. 2913.02(A)(1) to overcome a Crim. R. 29 motion for judgment of acquittal. Frezgi's sole assignment of error is overruled.
 III {¶ 11} Frezgi's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.
Copies mailed to:
 Hon. Dennis J. Greaney *Page 1